MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
*jnadolenco@mayerbrown.com*
STEVEN E. RICH (SBN 198412)
*srich@mayerbrown.com*
350 South Grand Avenue
25th Floor
Los Angeles, CA  90071-1503
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

MAYER BROWN LLP
LUCIA NALE
*lnale@mayerbrown.com*
DEBRA BOGO-ERNST
*dernst@mayerbrown.com*
STEPHEN J. KANE
*skane@mayerbrown.com*
71 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
*(Pro Hac Vice Applications To Be Filed*)

Attorneys for Defendants
CITIMORTGAGE, INC.; CITIBANK,
N.A., AND CITIGROUP INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA BETANCOURT and PEDRO BETANCOURT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., a New York corporation; CITIBANK, N.A., a national banking association; CITIGROUP, INC., a Delaware corporation; and Does 1-100,<br><br>Defendants. | Case No. 4:10-CV-03168-SBA<br><br>**[~~PROPOSED~~] ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO TRANSFER**<br><br>Date:<br>Time:<br>Judge:    Hon. Saundra B. Armstrong |

ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO TRANSFER;
CASE NO. CV10-03168-SBA

28834133.1 10379000

1
2

### ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO TRANSFER

3      This matter is presently before the Court on Defendants CitiMortgage, Inc.,

4  Citibank, N.A., and Citigroup Inc.'s Unopposed Motion to Transfer to the Central

5  District of California (the "Motion to Transfer").  The Court finds that instant

6  motion, which is unopposed by Plaintiffs, may be resolved without oral argument.

7  Fed.R.Civ.P. 78(b); Civ.L.R. 7-1(a).

8      Having considered all of the papers and argument submitted in support of

9  the Motion to Transfer, considering that Plaintiffs do not oppose transfer, and good

10  cause appearing therefore, the Court rules as follows.

11      "For the convenience of parties and witnesses, in the interest of justice, a

12  district court may transfer any civil action to any other district or division where it

13  might have been brought." 28 U.S.C. § 1404(a).  In determining whether transfer is

14  appropriate in a particular case, courts consider private and public factors affecting

15  the convenience of the forum.  Private factors include: (1) the plaintiff's choice of

16  forum, (2) the convenience of the witnesses and parties, (3) the ease of access to

17  sources of proof, (4) the respective parties' contacts with the forum, (5) the

18  contacts relating to the plaintiff's cause of action in the chosen forum, (6) the

19  differences in the costs of litigation in the two forums, (7) the state that is most

20  familiar with the governing law, and (8) the availability of compulsory process to

21  compel attendance of unwilling non-party witnesses. *Jones v. GNC Franchising*,

22  Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth*

23  *Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Public factors include court

24  congestion, local interest in having localized controversies decided at home, the

25  interest in avoiding unnecessary conflicts of laws, and the interest in trying the

26  case in a forum familiar with the applicable law.  *Id*. at 843.  The Court finds that a

27  transfer of this case to the Central District of California, where the case could have

28  been originally filed, is appropriate. Due the overlap in legal issues between this

case and the *Bernard* and *King* cases and the overlap in the putative classes, it is in the interests of judicial economy as well as the convenience of the parties and witnesses that all three cases be heard in the same forum.  Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

     1.    Defendants' Motion to Transfer is GRANTED;

     2.    Defendants' Motion to Dismiss is DENIED without prejudice to renewal in transferee court.

     3.    This action shall be TRANSFERRED forthwith to the United States District Court for the Central District of California, Western Division.

Dated:   9/20/10

Hon. Saundra B. Armstrong
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, 25th Floor, Los Angeles, California  90071-1503.  On September 17, 2010, the following documents were served electronically via the CM/ECF system:

- **[PROPOSED] ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO TRANSFER**

The parties who received electronic notice of the filing of the foregoing documents included:

- **Elizabeth Scott Letcher**
  **eletcher@heraca.com**

- **Noah Zinner**
  **nzinner@heraca.com**

- **James C. Sturdevant**
  **jsturdevant@sturdevantlaw.com**

- **Whitney Huston**
  **whuston@sturdevantlaw.com**

On September 17, 2010, I served the document listed above by placing true and correct copies thereof in sealed envelopes with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below:

**Maeve Elise Brown**
**Housing Economic Rights Advocates**
**1814 Franklin Street, Suite 1040**
**Oakland, CA 94612**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice the envelopes would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1        I declare under penalty of perjury under the laws of the State of California

2    that the above is true and correct.

3        Executed on September 17, 2010, at Los Angeles, California.

4

5    _____

6                      Simone Hernandez

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28